UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLA M. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-783-DML-LJM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# Order Remanding to the Commissioner

## Introduction

Plaintiff Carla Hall seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Ms. Hall's claim for disability and disability insurance benefits as permitted by 42 U.S.C. § 405(g). Acting for the Commissioner, an administrative law judge ("ALJ") found Ms. Hall not to be disabled.

The parties have both consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

For the reasons discussed below, this court determines that the ALJ (1) did not sufficiently evaluate the credibility of Ms. Hall and (2) did not properly consider the side effects of her medication. The court therefore remands this matter to the Commissioner.

## Background and Relevant History

### A. Procedural History

Ms. Hall filed her application for disability benefits on April 28, 2005, and alleged disability beginning on November 3, 2004. At that time, she was 45 years old, had a high school

education, and was employed as a Certified Nursing Assistant. Her claim was denied initially on July 8, 2005, and again upon reconsideration on November 18, 2005. Ms. Hall then filed a written request for a hearing, and an ALJ conducted a hearing on May 1, 2008, and found that Ms. Hall was not disabled. The Appeals Council later denied her request for review, thus rendering the Commissioner's decision final.

### B. The ALJ's Findings of Fact

The decision of the ALJ includes the following relevant findings of fact: Ms. Hall (1) has not engaged in substantial gainful activity since November 3, 2004, the alleged onset date; (2) has the severe impairment of degenerative disc disease of the lumbar spine; (3) does not have an impairment, or combination thereof, that meets or medically equals one of the specifically listed impairments; (4) has the residual function capacity ("RFC") to perform sedentary work with additional limitations of (a) standing/walking only two hours total, 30 minutes at one time, sitting only four to six hours total, 30 minutes at one time, lifting/carrying/pushing/pulling up to ten pounds occasionally, requiring a sit/stand option at will; (b) occasionally stooping, crouching, climbing ramps or stairs; (c) never balancing, kneeling, crawling, or climbing ladders; and (d) avoiding vibration and hazards; (5) cannot perform any past relevant work; (6) can, considering her age, education, work experience, and RFC, perform jobs that exist in significant numbers in the national economy; and (7) has not been under a disability from November 3, 2004, through the date of the decision.

## Standard of Review

### A. Standard for Proving Disability

One is considered to be disabled if it is proven that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual must show that, because of the severity of her impairment(s), she is not only unable to do her previous work, but cannot engage in any other kind of substantial gainful work that exists in the national economy. The work must exist in significant numbers in the region where the individual lives, or in several regions of the country. § 423(d)(2)(A).

When determining whether or not an individual is disabled, the Social Security Administration uses a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). The questions addressed at each step are as follows: (1) Is the individual employed or doing substantial gainful activity? (2) Is the individual suffering from a severe and medically determinable physical or mental impairment? (3) Is the impairment one that meets or equals one of the specifically listed impairments? (4) Is the individual unable to perform her former occupation/past relevant work? (5) Is the individual unable to perform any other work in the national economy, based on her age, education, and work experience? *Id.*

An affirmative answer at steps one, two, or four leads to the next step; an affirmative answer at steps three or five results in a finding of disability. *Young v. Secretary of Health and Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer, at any step other than three, stops the inquiry and precludes a finding of disability. *Id.*

The individual claiming disability bears the burden of production at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). She continues to bear the burden of proving disability at step five, but the Social Security Administration must also produce evidence of existing jobs that the individual, or someone with her age, education, work experience, and functional capacity, could perform. 20 C.F.R. § 404.1520(a)(4)(v).

### B. Standard for Review of the ALJ's Decision

The Commissioner's findings of fact are conclusive and are to be upheld so long as no error of law occurred and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). It is the Commissioner's, or the ALJ's, responsibility to weigh evidence, resolve conflicts, and make determinations of fact. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). Thus, the reviewing court is not permitted to decide facts anew or substitute its own judgment for that of the ALJ. *Id*. The reviewing court's responsibility is to determine only whether substantial evidence supports the findings of the ALJ, and whether the ALJ applied the correct legal standards in his determination. 20 C.F.R. § 405(g). If reasonable minds could disagree on whether an individual is disabled, the court must then affirm the prior decision regarding benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). If an ALJ concludes that benefits should be denied, he must have first built an accurate, logical bridge between the evidence and his conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (quoting *Clifford v. Apfel*, 227 F.3d 864, 872 (7th Cir. 2000)). If the ALJ is to deny benefits, he must do so based on adequate evidence within the record, and he must explain why contrary evidence is not persuasive. *Berger*, 516 F.3d at 544. On appeal, it is the court's job to review the decision and ensure that substantial evidence exists to support the conclusion; the reviewing court is not free to substitute judgment or replace the ALJ's analysis of the medical evidence. *Id*.

## Analysis

**A. The ALJ did not properly evaluate the credibility of Ms. Hall.**

Ms. Hall contends that the ALJ did not properly evaluate the credibility of her own testimony. In order to evaluate credibility, the ALJ must consider the entire case record and examine a number of relevant factors to make a determination. 20 C.F.R. § 405.1529(c)(3). Furthermore, an ALJ must give specific reasons for the weight given to the individual's statements. Social Security Ruling 96-7p. An ALJ's credibility determination is reviewed with deference because the ALJ is typically in the best position to evaluate evidence and credibility. *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). In order to reverse an ALJ's credibility determination, it must be found to be very lacking in explanation or support. *Id*.

It is well established that an individual's statements or complaints about the existence or severity of pain cannot be disregarded solely because they are not substantiated by concrete, objective medical evidence. SSR 96-7p. Credibility must be examined using not only medical evidence, but also the entire case record, the individual's own statements, information provided by physicians, and other relevant information. *Id*. It is not required that the ALJ discuss every piece of evidence analyzed; what is required, however, is that the ALJ build a logical bridge between the evidence and his conclusions and findings. *Simila*, 573 F.3d at 516. Selective review is not permitted, and the ALJ may not only consider and discuss evidence that supports his final conclusion; his determination must be based on a full consideration. *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir. 1985).

The frequency of Ms. Hall's treatment and her compliance with a physical therapy program are raised as issues for review as they relate to her credibility. When these issues arise, an inquiry into possible reasons behind the treatment infrequency or non-compliance is necessary

to make a proper judgment. SSR 96-7p. There are many potential reasons described in the Ruling, and some of those listed include the structure of one's daily activities, financial considerations, and further availability of effective and beneficial treatment. *Id*. In the present case, the ALJ points to the frequency of Ms. Hall's treatment when discussing the correlation between the severity of her pain and the objective medical evidence. The ALJ mentions it very briefly, and makes no reference to any possible explanations, specifically listed or otherwise.

The court must remand because it does not appear that the ALJ properly considered this information when analyzing Ms. Hall's frequency of and compliance with treatment, and how those would affect the final determination. The present record shows that Ms. Hall did seek consistent, frequent treatment over the course of many years, and only had one apparent instance of non-compliance with her physical therapy. The subsequent infrequency in question may very well have a reasonable explanation behind it which ought to be considered for a thorough determination. The record indicates Ms. Hall's financial concerns and limitations, changes in her physical abilities and daily activities, and notes by Dr. Hardacker indicating that there may not be anything further to do medically at the present time to relieve Ms. Hall's symptoms.

The ALJ's opinion shows no evidence of his consideration of these possible explanations, or any others, when examining Ms. Hall's credibility. When assessing one's credibility, infrequent treatment or failure to follow a treatment plan can support an adverse finding if the claimant does not have a good reason for the infrequency or failure. SSR 96-7p; *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). The aforementioned evidence is the type that the adjudicator must consider in addition to the objective medical evidence when assessing an individual's credibility. SSR 96-7p. Because there is no discussion of it, it is unclear from the ALJ's opinion how or whether this evidence was assessed and reviewed. When an ALJ does not mention

considered or rejected evidence, the reviewing court is not able to determine if that evidence was considered and discredited, or just ignored. *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). That problem is evident here, because this court is unable to determine how this evidence was handled, and whether or not it was properly considered by the ALJ in the course of his determination. These factors are potential explanations that may provide valuable insight into Ms. Hall's credibility, and are essential to a thorough analysis. *Id*.

### B. The ALJ failed to consider adequately the side effects of Ms. Hall's medications.

The Social Security regulations direct that one of the factors that should be considered when analyzing an individual's symptoms is the side effect of any medication taken to alleviate pain. 20 C.F.R. § 404.1529(c)(3)(iv). This, along with other specified factors, is used to determine how one's symptoms affect daily living and capacity to perform work activities. *Id*.

In the present case, the ALJ briefly notes that Ms. Hall "nods off" because of her medication, but does not further discuss side effects, or how they may affect her capabilities and options, anywhere in the course of his determination. The ALJ makes no mention of the testimonies of Dr. Lorber or the vocational expert ("VE") as they relate to the side effects of Ms. Hall's medication, despite the fact that both doctors addressed the side effects directly. Dr. Lorber stated that Ms. Hall's medication levels could certainly produce the level of drowsiness and "nodding off" that she asserts. Furthermore, the VE stated that the drowsiness side effect to which Ms. Hall testified would prevent her from doing work and would eliminate all employment.

Dr. Lorber asserted that the medication prescribed to Ms. Hall was excessive and should be adjusted. However, this is not an argument that can be considered relevant or persuasive in

this court's review—Dr. Lorber's assertion does not lessen the actual side effects of the medication on Ms. Hall, nor is it a stated consideration of the ALJ in his determination. The ALJ did not note Dr. Lorber's assertion as being a basis for his determination about the relevance of Ms. Hall's medications and their side effects. Regardless of whether or not there is evidence in the record to support the conclusions of the ALJ, the reviewing court must confine its review to the reasons supplied by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

As discussed above, when an ALJ does not clearly mention evidence, the reviewing court is not able to determine if that evidence was considered and discredited, or improperly ignored. *Zblewski*, 732 F.2d at 79. Here, we do not know the consideration given to the side effects of Ms. Hall's medication and the doctors' opinions regarding them since neither is properly discussed. Because of the potential importance of this evidence and the lack of attention seemingly given to it by the ALJ, the ALJ's evaluation of the medical side effects in their entirety was inadequate, and the matter must be examined on remand.

## **Conclusion**

For the above reasons, this matter is remanded to the Commissioner for further consideration consistent with this Order.

So ORDERED.

Date: 06/18/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

--9--

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Joseph W. Shull
jshull@pngusa.net

--9--