UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLA M. HALL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:09-cv-0783-DML-LJM |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

# Entry on Attorney's Fee Under EAJA

This matter is before the court on the motions (Dkt. 34 and 42) by plaintiff Carla M. Hall for an award of attorney's fee under the Equal Access to Justice Act ("EAJA") following Ms. Hall's successful suit against the Commissioner of the Social Security Administration ("Commissioner").

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the United States that the court award to a prevailing party (other than the United States) her attorney's fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover her fees also must be timely. 28 U.S.C. § 2412(d)(1)(B). The amount of attorney's fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified. 28 U.S.C. §2412(d)(2)(A).

Ms. Hall seeks fees for 39.85 hours of work[1] at a rate of $174.00 per hour, or a total of $6,933.90. Ms. Hall contends that the $174.00 hourly rate is the proper rate because it is a reasonable rate, and does not exceed the product of the $125/hour cap plus a cost of living adjustment based on the national consumer price index for all urban consumers (CPI-U National). Ms. Hall measured the cost of living adjustment by comparing the CPI-U National index rate at the time the $125/hour cap was adopted by Congress in March 1996 to the same index rate in October 2009 when Ms. Hall's counsel first did legal work for this lawsuit.

The Commissioner does not oppose an award of attorney's fees to Ms. Hall. He contends, however, that the number of hours to be compensated must be reduced by five hours. He also contends that a cost of living adjustment must be based on a regional consumer price index, and not the national consumer price index. The Commissioner argues that the appropriate consumer price index is the one tied to the region where the legal work was performed and, in this case, that means the CPI-U for Midwest Urban. He further maintains that the appropriate ending month is March 2010 (and not October 2009) because the bulk of the legal work performed for Ms. Hall was performed in that month.[2] Using these factors, the Commissioner argues that the appropriate hourly rate is $170.86, which is about $3 less per hour than that sought by Ms. Hall.[3] The Commissioner requests that the court award fees no greater than

---

[1] 2.80 hours of the 39.85 total reflects work by Ms. Hall's counsel on her reply brief in support of her motion for fees. *See* Supplemental Plaintiff's Attorney's Affidavit, Dkt. 43. The Commissioner has not challenged compensating Ms. Hall for those 2.80 hours.

[2] Neither Ms. Hall nor the Commissioner discussed authority for choosing an ending month, nor did they inform the court the difference using October 2009 rather than March 2010 would yield. The court has chosen Ms. Hall's figures, as discussed in this entry.

[3] The court acknowledges that the Commissioner is not advocating the use of any cost of living adjustment, and is providing an argument about the appropriate index for calculating a cost of living adjustment *if* the court finds that a cost of living adjustment is warranted. The court notes that a cost of living adjustment is routine for EAJA fee awards. The $125/hour cap

$5,476.06 (although given that the Commissioner did not challenge the additional 2.80 hours for the EAJA reply brief, the fee award acceptable to the Commissioner is $5,954.47).

The parties also raise an issue about the appropriate wording of the fee award based on the Supreme Court's decision in *Astrue v. Ratliff,* 130 S.Ct. 2521, 177 L.Ed.2d 91 (June 14, 2010), that a fee award under the EAJA must be made to the client prevailing party, and not her lawyer, and that the government is entitled to an offset against an EAJA award to the extent that the client has outstanding debts to the federal government.

**Reasonable number of hours**

The Commissioner argues for a five-hour deduction, contending that Ms. Hall spent excessive time on her reply brief. He points out that Ms. Hall spent less time on her opening brief than reply brief and a deduction of five hours would roughly even the time for both briefs. The Commissioner says the deduction is warranted because the issues were not numerous or unusually complex and Ms. Hall's counsel touts his experience in federal court disability work. Ms. Hall provides a detailed explanation to justify spending 20.85 hours on the reply brief, and explains why additional time was necessary to search the administrative record to combat arguments made by the Commissioner in his response brief. The court further observes that the reply brief is often the more important brief an appellant (or moving party) files. The reply brief requires an analysis of the issues in light of the opposing party's factual and legal arguments. It does not strike the court as unusual that the reply brief would require more attorney time. The court is satisfied with Ms. Hall's explanation, and finds that the total hours spent in litigating this

---

set by Congress in 2006 is below market rates. The Commissioner has not provided any reason for the court to deviate from the routine to calculate a cost of living adjustment from the $125/hour cap in determining a fee award under EAJA.

case is not unreasonable. The court declines to deduct the five hours requested by the Commissioner.

**<u>Appropriate Consumer Price Index For Calculating Cost of Living Adjustment</u>**

As noted above, the EAJA allows attorney's fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour plus a cost of living adjustment if an hourly fee higher than $125 is justified. The debate between the Commissioner and Ms. Hall is whether the cost of living adjustment, for purposes of determining the cap, should be based on a cost of living index tied to the area where the legal work was performed or should be based on the national cost of living index. Interestingly, this debate has not received much ink in the case law; it has not been addressed by the Seventh Circuit. Much of the case law about selection of an appropriate cost of living index debates whether the index should be an "all goods/services" index or a subset such as the legal services index. Courts faced with that issue nearly uniformly determine that Congress intended the courts to consult a broad-based index such as the all goods/services index. *See Jones v. Espy,* 10 F.3d 690, 692 (9th Cir. 1993); *Sullivan v. Sullivan,* 958 F.2d 574, 576-77 (4th Cir. 1992); *Dewalt v. Sullivan,* 963 F.2d 27, 29-30 (3rd Cir. 1992). The courts' rationale includes the point that Congress's use of the general term "cost of living" indicates that an adjustment is to be based upon changes in the overall purchasing power of money, and not changes in purchasing power for specific segments of the marketplace. *See Jones,* 10 F.3d at 692-93; *Dewalt,* 963 F.2d at 29.

With respect to using a national all-goods/services index versus an all-goods/services index for a specific city or region, many courts have applied a geographic-specific index without detailed analysis or have said that courts can choose whether to use a national index or geographic-specific index. *E.g., Simms v. Astrue,* 2009 WL 1659809 at *7 (N.D. Ind. June 12,

2009) (citing case from Northern District of Illinois, concluding that regional consumer price index should be used because the fee should reflect cost of living increases "in the area" and at the time the lawyer represented the prevailing party); *Mannino v. West,* 12 Vet. App. 242, 243-44 (Vet. App. 1999) (because economy differs widely among cities and regions of the country, the fairest course is to use a local consumer price index where available, and if not, to use a regional index; in this court's view, a national index would result in attorneys being either regularly overcompensated or undercompensated); *Elcyzyn v. Brown,* 7 Vet. App. 170, 181 (Vet. App. 1994) (court can use either a national index or one for the region or local area where the legal services were performed); *Kunz Const. Co. v. U.S.,* 16 Cl. Ct. 431, 438 (Cl. Ct. 1989) (without analysis, stating that cost of living adjustment is that experienced in the local area where the legal services were rendered).

Other courts have reasoned that a national index is the most appropriate. *E.g., United States v. Eleven Vehicles,* 966 F. Supp. 361, 366 n.5 (E.D. Pa. 1997) (using national index, a selection that avoided choosing between two other possibly relevant indices); *Stewart v. Sullivan,* 810 F. Supp. 1102, 1107 (D. Haw. 1993) (crediting Commissioner's argument that Congress intended the use of a national index because if it wanted the cost of living adjustment to be based on a particular region or city, it could easily have said so in the statute).

A decision of the Southern District of California includes a thorough analysis of the national versus local issue. In *Al Jawad v. Barnhart,* 370 F. Supp. 2d 1077 (S.D. Cal. 2005), the court concluded that using the national all-goods index best accomplished Congress's intent in the EAJA. *Id.* at 1085-86. This court agrees with the reasoning in *Al Jawad,* and highlights some of that reasoning.

First, Congress chose an attorney fee award system that applies "prevailing market rates" at the threshold level (a phrase that commonly is understood to refer to a local rate) but then specifically established a uniform national standard to define the cap on that prevailing market rate. Using a national cost of living adjustment to the cap is consistent with Congress's selection of a national base rate ($125/hour). *See Al Jawad,* 370 F. Supp. 2d at 1085 (Congress surely was aware of disparities in fee rates between north and south and urban and rural, yet it chose to set a uniform, national base rate):

> Using a local/regional index would essentially transform Congress' carefully crafted national cap into a localized standard. . . . 'It would be a strange interpretation of a federal statute with nationwide application to assume that a uniform standard expressly set out in the text would devolve thereafter into a local standard, varying from place to place according to regional economic trends.'

*Id.* at 1086 (quoting Gregory A. Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two),* 56 La. L. Rev. 1, 139 (1995)).

Second, selecting a geographic-specific cost of living index invites unnecessary litigation about whether a local or regional index is best in a particular circumstance, and even then, which local or regional index is the most appropriate. *See California Marine Cleaning, Inc. v. U.S.,* 43 Fed. Cl. 724, 734 n.8 (Fed. Cl. 1999) (court no longer could use index for Washington, D.C., although the court believed that was the ideal index, because the Department of Labor stopped compiling consumer price information for the Washington, D.C. metropolitan area); *United States v. Eleven Vehicles,* 966 F. Supp. 361, 366 n.5 (E.D. Pa. 1997) (parties argued whether Atlanta index applied because the lawyer practiced out of Atlanta or whether Philadelphia index applied because the lawsuit was filed in Philadelphia; court chose national index because services were performed in both locations); *Kunz Const. Co. v. U.S.,* 15 Cl. Ct. 431, 438 n.6 (Cl.

Ct. 1989) (because an index for San Antonio where the legal services were rendered did not exist, court chose an index for region of country where San Antonio located and for approximately same sized city within region). The Supreme Court has cautioned with respect to attorney's fee awards in general that the fee issue "should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

For the foregoing reasons, the court selects the CPI-U National index as the appropriate cost of living index for calculating the cap rate for fee awards under the EAJA. Further, the court is satisfied that the cap rate—$174.00 per hour, as calculated by Ms. Hall using the CPI-U National index—is no greater than the prevailing market rate compensable under the EAJA.

### **Award to Prevailing Party and not Her Counsel**

Ms. Hall agrees with the Commissioner that the Supreme Court's decision in *Astrue v. Ratliff,* 130 S.Ct. 2521 (June 14, 2010), requires an EAJA fee award to be made to the client and not the lawyer, and that the government is entitled to an offset against the award if the client has outstanding debts to the government. An assignment of the fee award from Ms. Hall to her lawyer cannot override the government's right to offset the award if the client owes the government money. *See Ratliff,* 130 S.Ct. at 2529 (acknowledging that government can make direct payment of EAJA fee award to the attorney when the prevailing party client does not owe a debt to the government and has assigned the fee award to her counsel). Ms. Hall has proposed language to effectuate both the government's right to an offset if Ms. Hall owes a debt to the government and Ms. Hall's assignment to her counsel. Though the Commissioner urges the court to let it decide whether it will honor Ms. Hall's assignment if there is a determination that she does not owe the government money, the court believes that such a practice creates an unnecessary uncertainty in payment that could have a negative effect on the willingness of

7

competent counsel to represent social security claimants. The court finds that an order directing payment consistent with the assignment *after* the government determines whether it is entitled to an offset against the award conforms to the Supreme Court's holding in *Ratliff*.

### **Conclusion**

Plaintiff Carla M. Hall's motions (Dkt. 34 and 42) for an award of fees under the EAJA are GRANTED. The court awards to Ms. Hall attorney's fees under 28 U.S.C. § 2412(d) in the amount of $6,933.90. The Commissioner shall evaluate the propriety of directing payment of the fee award directly to Ms. Hall's counsel, consistent with the assignment, by first determining whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a pre-existing debt Ms. Hall owes to the government. The amount of the fee award remaining after offset (if any) shall be paid and delivered to Ms. Hall's counsel consistent with the assignment.

So ORDERED.

Date: 12/20/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Joseph W. Shull
jshull@pngusa.net